1836.

In the matter of Easton's will.

In the matter of Easton's will.

A commission to take proof of a will of real estate can only be granted upon the application of a person interested in the establishment of the will. It should therefore appear from the bill, or petition, that the decedent left real property in this state, in which the applicant for such commission has some legal or beneficial interest under the alleged will.

To authorize the chancellor to issue a commission to make probate of a will of personal property, the applicant must show that the decedent at his death left assets in this state, or that assets have come into this state since his death. The bill or petition must also state the necessary facts to show what surrogate has jurisdiction to grant letters testamentary, or of administration, so as to enable the chancellor, after the will is proved, to send the mandate to the proper surrogate for that purpose.

The prayer of the bill or petition upon which an application for a commission is made, should show whether the will is to be proved as a will of real estate, or as a will of personal property, or as a will of both.

Where the will is to be proved as a will of real estate, the applicant should, in his bill or petition state, either positively or upon information and belief, that the instrument propounded is the last will of the decedent, and was executed in due form of law to pass real property in this state. He must also show who are the legal heirs, to whom by the laws of this state such real property would have descended if the decedent had died intestate, and the names and residences of such heirs, so far as the same can be ascertained, to enable the chancellor to determine what notice should be given to them of the proceedings to prove the will. And if the decedent left no heir capable of inheriting lands in this state, that fact should be shown.

When the instrument propounded is to be proved as a will both of real and personal estate, or as a will of personal estate merely, if the decedent at the time of his death was not domiciled in this state, or if the will was executed out of the state, the domicil of the decedent at the time of his death should be stated; and also the names and residences of his next of kin, or of those who in case of intestacy would have been entitled to the succession to his personal estate according to the law of his domicil, so far as the same can be ascertained.

1836.

In the matter of
Easton's will.

And where the will of personal estate was executed in any other state or country, by a decedent who was not a citizen and inhabitant of this state, the applicant must show that the instrument propounded as a will was duly executed, so as to make a valid testamentary disposition of the decedent's personal property, according to the law of the place where he was domiciled and where such will was made.

A Scotch deed of disposition and settlement, if duly executed as a testamentary disposition of the testator's property according to the laws of Scotland, and in the presence of two witnesses as required by our laws, is a valid will of the testator's real and personal property in this state.

October 4.

THIS was an application for a commission to take proof of an instrument executed in Scotland, in 1835, propounded as the last will and testament of William Easton, deceased. The petition was presented by a sister of the decedent, residing in the state of New-Jersey, in whose favor a beneficial provision was made by the instrument propounded as a will; in which petition her husband also joined. From the petition it appeared that the decedent once lived in this state, but that he died in Scotland in 1835; that at the time of his death he had a father living in Scotland, and that the executors or trustees in the instrument propounded as his will, also resided there; and that he also left several brothers and sisters, some of whom resided in this country and some abroad. But the petition did not state whether all or any of the relatives of the decedent, or the trustees to whom his real and personal estate was conveyed in trust, were citizens of the United States, or otherwise capable of taking lands by descent or devise according to the laws of this state. The object of the petitioners was to have the instrument which was propounded by them proved and established, as a will of personal estate as well a devise of real property. But they did not allege in their petition that the decedent, at the time of executing the instrument propounded, or at his death, was a citizen of this state or domiciled here; neither was it stated in the petition that the alleged will was executed in such a manner as to render it a valid will of personal estate according to the laws of Scotland. And there was no allegation in the petition that the decedent left any assets here, or that he left any real property.

in this state, in which the petitioners were interested under the provisions of the alleged will.

*Azor Taber*, for the petitioners.

THE CHANCELLOR. This petition is not only informal, but is so defective in substance that no order can be made thereon, for the taking of testimony to establish the instrument propounded, either as a will of real or personal estate. A commission to take the proof of a will of real estate can only be issued upon the bill or petition of some person interested in the establishment of the will. It should therefore distinctly appear that the decedent left real property, in this state, in which the petitioner has some legal or beneficial interest under the alleged will. These petitioners do not appear to have any such interest in the lands of the decedent, in the county of Delaware, which the trustees are directed to convey to the brother who resides in that county. If that brother wishes to establish the instrument propounded, as a will of the lands in which he has a beneficial interest, he should have presented a petition himself or have joined in this petition. Or if the decedent left any lands in this state in which these petitioners have a beneficial interest under this instrument, that fact should have been distinctly stated in the petition.

The petitioners are unquestionably entitled to a beneficial interest in the personal property of the decedent, under the instrument propounded, wherever that property is situated. But to entitle them to make probate of the will here, under a commission to be issued by this court, they must show by their petition that the decedent left assets in this state at the time of his death, or that assets have come into this state since that event ; as this court is only authorized to make a decree for establishing a will of personal estate, where there are assets of the testator in this state. (3 *R. S. App.* 149, § 67.) The petitioners should also state the necessary facts to show what surrogate has jurisdiction to grant letters testamentary or of administration in the case, according to the provisions of the revised statutes ; (2 *R. S.* 60, § 23 ;) as the decree of

this court, establishing a will of personal estate, must be remitted by the chancellor to the surrogate having such jurisdiction, with directions to such surrogate to issue letters testamentary, or of administration with the will annexed, thereon. In all such cases the question of jurisdiction must be ascertained and determined by this court, so that the mandate may be sent to the proper surrogate having jurisdiction of the case according to such determination and decision of the chancellor.

Where the instrument is to be proved as a will of real property merely, the prayer of the petition should be framed accordingly; and the petitioner should state, either positively or upon information and belief, that the instrument propounded is the last will of the decedent, and that it was executed in due form of law to pass real property within this state. The petitioner should also state, according to the best of his knowledge, information and belief, who are the legal heirs of the decedent, to whom such real estate would have descended, according to the laws of this state, if a devise thereof had not been made, and the names and residences of such heirs, so far as he is able to ascertain the same; to enable the court properly to exercise its discretionary power of determining whether any and what notice shall be given to such heirs of the proceedings, that they may have an opportunity to oppose the proving of the supposed will. And if the decedent left no heir at law, or if all his relatives or heirs were aliens and incapable of inheriting lands within this state, that fact should be stated in the petition; so that proper notice of the proceedings to prove the will may be given to the attorney general. Where the instrument propounded is sought to be established as a will of personal estate only, or as a will both of real and personal property, the prayer of the petition should be framed accordingly; and the necessary facts should be stated in the petition to show the petitioner's interest in the personal estate under the will, or in both the real and personal estate, as the case may be. And if the decedent was not domiciled in this state at the time of his death, or if the will was executed out of the state, the domicil of the decedent should

be stated in the petition; and the names and residences of the next of kin, or the other persons entitled to the succession in case of intestacy according to the *lex domicilii*, should also be stated, so far as the petitioner is able to ascertain the same. And where the alleged will has been executed in any other state or country, by a decedent who was not a citizen and inhabitant of this state, the petitioner must show by his petition that the instrument propounded has been duly executed, as a good and valid testamentary disposition of the decedent's personal property, according to the laws of the state or country where he was domiciled, and where such alleged will was made, or it cannot be admitted to probate here. (See 3 *R. S. App.* 149, § 68, 69 ; *Story's Confl. of Laws*, 394, § 468.)

If the testator, in the present case, was actually domiciled here at the time of his death, and if any of his devisees were capable of taking and holding real property according to the laws of this state, I see no objection to the validity of the instrument propounded, as a will both of real and personal estate, so far as the mere question of probate is concerned ; though there may be some doubt as to the validity of a part of the trusts of the will, under the provisions of our revised statutes. This instrument is not in the usual form in which testamentary dispositions of property are made in this state ; and if it had been drawn here, it might have been more properly considered as a revocable deed of trust, both as to the real and personal property of the decedent. But it was unquestionably intended as a *mortis causa* disposition of the decedent's whole estate, in the nature of a will. By the laws of Scotland, where this instrument was executed, a decedent who has a wife or children may, by a will in writing, dispose of a certain portion of his moveable property, and if he has neither wife or child, may dispose of the whole of the same ; which will may be holographic, or it may be written by another person if read over to the testator and executed by him in the presence of a notary or a clergyman and two witnesses. But the common law of Scotland did not permit heritable property to be alienated or disposed of by will. And the instrument

1836.

In the matter of Easton's will.

propounded in this case is one which was devised by the Scottish lawyers to enable a person to provide for the disposition of his real and personal property, after his death, in the nature of a will; which instrument is technically termed a deed of disposition and settlement. This quasi will must be made by a *liege poustie* instrument, as contradistinguished from a *death bed* conveyance, granting the heritage either directly to the persons who are the objects of the grantor's intended posthumous bounty, or to trustees for their use. It usually reserves to the grantor his life rent, or life estate in the property, and the power of revoking the deed upon a death bed or otherwise; and the deed or instrument also contains a clause dispensing with the actual delivery thereof during the lifetime of the grantor. The technical defects of this quasi will as a conveyance of real estate are supplied by the courts, after the death of the testator, if necessary, by a proceeding against the heir at law in the nature of a bill in equity to supply the defective execution of a power; which proceeding is called, by the Scottish lawyers, an *adjudication in implement.* The instrument propounded by these petitioners, therefore, is for every substantial purpose a will; and if duly executed, it should in this state be considered as a testamentary disposition both of the real and personal property of the decedent. The parties interested therein respectively, therefore, upon the presentation of a proper petition for that purpose to the chancellor, may have a commission to take the necessary proofs to authenticate and establish it as a will of either species of property here, and to ascertain the necessary facts to authorize probate of this authenticated copy thereof, taken from the records of the lords of council and of session where the original instrument is deposited.

It may be proper, however, to suggest that the codicil by which £25 sterling is given to the trustees, in the name of a fee for management, does not appear to have been executed in the presence of two witnesses, so as to make it valid as a will of real or personal estate by our laws; neither is it alleged to be holographic, so as to render it valid as a

testamentary disposition of personal estate by the laws of Scotland.

This petition must be dismissed. But it must be without prejudice to the right of the petitioners to present a new petition, propounding the authenticated copy of this deed of disposition and settlement as a will of real and personal property situated or being within this state, and for a commission to take proof of the necessary facts to establish the same, as a will of both or of either species of property which the decedent may have left here at the time of his death.